IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRENDA SINGLETON ON BEHALF OF
A.C.G. (A MINOR CHILD)                                                    PLAINTIFF

v.                    CIVIL NO. 15-5299

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]           DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Brenda Singleton, Plaintiff, brings this action on behalf of A.C.G., a minor child, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim on behalf of the minor child for supplemental security income ("SSI") benefits under the provisions of Title XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed an application for SSI on A.C.G.'s behalf on June 15, 2012. (ECF No. 10, pp. 21, 145). In her application, Plaintiff alleges A.C.G. is disabled due to heart problems, kidney problems, right foot problems, and speech problems. (ECF No. 10, p. 137).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Plaintiff alleges an onset date of March 15, 2012. (ECF No. 10, pp. 21, 137). This application was denied initially and again upon reconsideration. (ECF No. 10, pp. 61-62).

Thereafter, Plaintiff requested an administrative hearing on the denied application, and this hearing request was granted. (ECF No. 10, p. 78). Plaintiff's administrative hearing was held on August 12, 2013, in Fort Smith, Arkansas (ECF No. 10, pp. 38-69). Plaintiff and A.C.G. were present and were represented by attorney Wayne Young. Id. Plaintiff testified at this hearing. Id. At the time of this hearing, A.C.G. was five (5) years old and enrolled in kindergarten.

After this hearing, on June 10, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application on behalf of A.C.G. for SSI benefits. (ECF No. 10, pp. 17-33). In this decision, the ALJ found A.C.G. had not engaged in Substantial Gainful Activity ("SGA") since June 15, 2012, the application date. (ECF No. 10, p. 24, Finding 2). The ALJ determined A.C.G. had the following severe impairments: Cardiovascular Disorder (Congenital Anomalies, bicuspid aortic valve with long segment of the aortic arch) (7460/4590) and Genitourinary Disorder (Congenital Anomalies of the Urinary System, vesicoureteral reflux with renal atrophy) (7530). (ECF No. 10, p. 24, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 10, pp. 24-25, Finding 4). The ALJ then determined these impairments did not functionally equal the severity of the Listings. (ECF No. 10, pp. 25-32, Finding 5). The ALJ determined A.C.G. had no limitation in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and the ability to care for himself; the ALJ determined A.C.G. had less than marked limitation in his health and physical

well-being. Id. Because A.C.G. did not have an impairment or combination of impairments that resulted in either marked limitation in two domains of functioning or extreme limitation in one domain of functioning, the ALJ determined A.C.G. had not been under a disability, as defined by the Act, from June 15, 2012, through June 10, 2014, the date of the ALJ's decision. (ECF No. 10, p. 32, Finding 6).

Thereafter, on August 14, 2014, Plaintiff requested a review by the Appeals Council (ECF. No. 10, pp. 11-16). The Appeals Council denied this request on October 13, 2015. (ECF No. 10, pp. 5-10). On December 17, 2015, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on January 8, 2016. (ECF No. 7). This case is now ready for decision.

**II.     Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

3

In determining Plaintiff's claim, the ALJ must follow the sequential evaluation process set forth in 20 C.F.R. § 416.924. Under this standard, a child must prove he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(c)(I); 20 C.F.R. § 416.906.

More specifically, a determination that a child is disabled requires the following three-step analysis. See 20 C.F.R. §416.924(a). First, the ALJ must consider whether the child is engaged in substantial gainful activity. See 20 C.F.R. § 416.924(b). If the child is so engaged, he or she will not be awarded SSI benefits. See Id. Second, the ALJ must consider whether the child has a severe impairment. See 20 C.F.R. § 416.924(c). A severe impairment is an impairment that is more than a slight abnormality. See Id. Third, if the impairment is severe, the ALJ must consider whether the impairment meets or is medically or functionally equal to a disability listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). See 20 C.F.R. § 416.924(d). Under the third step, a child's impairment is medically equal to a listed impairment if it is at least equal in severity and duration to the medical criteria of the listed impairment. 20 C.F.R. § 416.926(a). To determine whether an impairment is functionally equal to a disability included in the Listings, the ALJ must assess the child's developmental capacity in six specified domains. See 20 C.F.R. § 416.926a(b)(1). The six domains are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. See 20 C.F.R. 416.926a(b)(1); See also, Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 722 n. 4 (8th Cir. 2005).

If the child claiming SSI benefits has marked limitations in two categories or an extreme limitation in one category, the child's impairment is functionally equal to an impairment in the Listings. See 20 C.F.R. § 416.926a(d). A marked limitation is defined as an impairment that is "more than moderate" and "less than extreme." A marked limitation is one which seriously interferes with a child's ability to independently initiate, sustain, or complete activities. See 20 C.F.R. 416.926a(e)(2). An extreme limitation is defined as "more than marked," and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain, or complete activities. Day-to-day functioning may be very seriously limited when an impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limits several activities. See 20 C.F.R. § 416.926a(e)(3).

### III. Discussion:

Plaintiff raises three issues on appeal: 1) the minor child's kidney disorders medically equal Listing 106.08; 2) the ALJ failed to consider approximately one hundred sixty (160) pages of medical evidence; and 3) the ALJ failed to provide legally sufficient reasons for finding Plaintiff's testimony less than fully credible. (ECF No. 12).

#### A. Listing 106.08

"For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." Brown ex rel. Williams v. Barnhart, 388 F.3d 1150, 1152 (8th Cir. 2004) (internal quotations and citation omitted). Where the claimant suffers from an unlisted impairment, the ALJ must compare the claimant's impairment with an analogous listed impairment. 20 C.F.R. § 416.926(b). An impairment is medically equivalent under the regulations if it is "at least equal in severity and duration to the criteria of any listed

5

impairment." 20 C.F.R. § 416.926(a). If the ALJ finds that a claimant has an impairment that meets or equals one of the listings, then the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(iii). Furthermore, the question is whether the ALJ "consider[ed] evidence of a listed impairment and concluded that there was no showing on th[e] record that the claimant's impairments . . . m[et] or are equivalent to any of the listed impairments." Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006) (internal quotations omitted). "The fact that the ALJ d[oes] not elaborate on this conclusion does not require reversal [where] the record supports h[is] overall conclusion." Id.

Plaintiff contends the minor child met the criteria for Listing 106.08(b) and alternatively that his growth impairment, combined with his renal atrophy and cardiac impairment are medically equivalent to the Listing. (ECF No. 11). Listing 106.08(B) requires the following:

> B. Growth failure as required in 1 or 2:
> . . .
> 2. For children age 2 to attainment age of 18, three BMI-for-age measurements that are:
> a. Within a consecutive 12-month period; and
> b. At least 60 days apart; and
> c. Less than the third percentile on the appropriate BMI-for-age table under 105.08B2.

(20 C.F.R. pt. 404, Subpt. P, app. 1, § 106.08(B). The three BMI measurements offered by Plaintiff, December 27, 2012, August 1, 2013, and August 12, 2013, do not meet the requirements of Listing 106.08(B) in that they are not at least sixty days apart from each other. Plaintiff also concedes in the brief that, "[t]hereafter, the child's BMI improved somewhat, but was generally in the 15 to 15.7 range." (ECF No. 11, p. 3). The cited range of BMI measurements which indicated a BMI over 14.0 would only represent third percentile on the

6

BMI-for-age table under 105.08(B)(2) for male children age ten or older. 20 C.F.R. pt. 404, Subpt. P, app. 1, § 106.08(B).

Although A.C.G.'s impairments are severe within the definition of the Act, the evidence as a whole does not demonstrate that his impairments are at least equal in severity and duration to the criteria of Listing 106.08. First, an updated medical opinion is needed "[w]hen no additional medical evidence is received, but in the opinion of the administrative law judge . . . the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable." See SSR 96-6p, 61 Fed. Reg. 34466, 1996 WL 362203 (July 2, 1996). Second, an updated medical opinion is required if "additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments. Id. Urology Clinic notes from Arkansas Children's Hospital on November 14, 2013, indicate A.C.G. had not had any infection in two years following his deflux for vesicoureteral reflux, was not taking any medication for his kidney impairment, and that his treatment was conservative and consisted of behavior modification and monitoring. (ECF No. 10, p. 767). Similarly, although A.C.G. was thought to have an abnormal bicuspid aortic valve, Dr. Eble's testing on January 2, 2013, revealed a normal three-leaflet aortic valve and a mildly abnormal, angulated aortic arch, which Dr. Eble characterized as "very mild heart disease" and offered reassurances that the impairment would never generate symptoms or require intervention. (ECF No. 10, pp. 674-80). Although it is clear A.C.G.'s impairments cause some degree of limitation, substantial evidence in the record as a whole supports the ALJ's determination that A.C.G.'s impairments, alone or in combination, did not meet or medically equal the severity of one of the Listings.

**B.      Consideration of the Record as a Whole**

Plaintiff contends the ALJ failed to consider over one hundred sixty (160) pages of the record constituting reversible error. (ECF No. 11). Although required to fully and fairly develop the record, the ALJ is not required to discuss every piece of evidence submitted, and failure to cite specific evidence does not mean it was not considered. Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000); See also Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993) (per curiam); Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995).

We note the ALJ presented his findings "[a]fter careful consideration of all the evidence," and "[a]fter careful consideration of the entire record." (ECF No. 10, pp. 21, 24). We presume the ALJ properly discharged his official duties as he stated in his decision. See, e.g., Willburn v. Astrue, 626 F.3d 999, 1003-04 (8th Cir. 2010) (applying the presumption of regularity to conclude the ALJ discharged his official duties as described). The records cited by Plaintiff, moreover, document that A.C.G.'s impairments were well-managed and improved as stated above, except for some acute incidents which resolved with treatment. For example, A.C.G. visited Dr. Alexander on July 26, 2013, and complained of decreased appetite, loss of weight, vomiting, and diarrhea for over one week, which did not totally resolve after an emergency room visit. (ECF No. 10, pp. 760-61). A.C.G. was admitted to Northwest Medical Center in Bentonville the following day (ECF No. 10, pp. 764, 808-71). A.C.G. was treated in the hospital for eleven days and followed up with Dr. Alexander approximately one week after discharge. (ECF No. 10, pp. 908-09). Plaintiff reported that the condition which necessitated hospitalization completely resolved and that A.C.G. was "[b]ack to his normal self." (ECF No. 10, p. 909). On further follow-up visits with Dr. Alexander, A.C.G. complained of a sore throat, cough, earache, and diarrhea, but each impairment was acute and resolved with medication.

(ECF No. 10, pp. 913-925). Based on the foregoing, we find the ALJ properly considered all the evidence in the record and discharged his official duties as he stated in his decision.

### C. Credibility

In a child disability case, the Social Security Regulations state that the ALJ is required to analyze subjective complaints in accordance with the seven (7) factors from 20 C.F.R. § 416.929(c). Specifically, the ALJ must consider the following factors: 1) the child's daily activities; 2) the location, duration, frequency, and intensity of the child's pain or other symptoms; 3) the precipitating and aggravating factors; 4) the dosage, effectiveness, and side effects of the child's medication; 5) treatment, other than medication, that the child receives or has received for relief of pain or other symptoms; 6) any measures the child uses or has used to relieve his or her pain or other symptoms; and 7) other factors concerning the child's functional limitations or restrictions due to pain or other symptoms. See 20 C.F.R. § 416.929(c)(3); Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (requiring analysis of five of the factors). In a child's SSI case, the Administration "will accept as a statement of this symptom(s) the description given by the person who is most familiar with you, such as a parent, other relative, or guardian. Your statements (or those of another person) alone, however, are not enough to establish that there is a physical or mental impairment." 20 C.F.R. § 416.928(a). The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines those factors prior to discounting the subjective complaints regarding the child's functional limitations. See Lowe v. Apfel, 226 F.3d 969, 971-72 (8th Cir. 2000).

As discussed previously, the ALJ discussed the objective medical evidence at great length. Plaintiff has not alleged any limitation, nor did the ALJ find any credible medical

9

evidence of limitation, with regard to A.C.G.'s ability to acquire and use information or attend and complete tasks. (ECF No. 10, pp. 27-30).

Plaintiff alleged limitation with regard to A.C.G.'s ability to interact and relate with others, specifically that he had difficulty speaking in sentences and that some doctors had difficulty understanding him. (ECF No. 10, pp. 51). However, education records from the 2013-2014 school year indicate that despite not completely attaining the level of mastery desired by his teacher, A.C.G. was progressing well and his teacher did not note any difficulty in A.C.G.'s ability to communicate effectively and appropriately for his age. (ECF No. 10, pp. 162-65). Donna Edgmon, a speech-language pathologist, conducted a consultative speech language evaluation on August 25, 2012. (ECF No. 10, pp. 340-42). The examiner noted A.C.G. had some difficulty with pronouns, such as "me/I, her/she, him/he, and them/they," some difficulty with articles "a, an, the," and three instances of "poor speech intelligibility." (ECF No. 10, p. 342). Despite these errors, the examiner opined that A.C.G.'s communication profile was normal for his age. (ECF No. 10, p. 342).

Plaintiff alleged limitation with regard to moving about and manipulating objects, but the ALJ determined A.C.G. had no limitation in this domain. For example, although Plaintiff alleged a foot impairment which limited A.C.G.'s gait and required treatment with a special device, the record contains no evidence of such impairment or treatment, and A.C.G.'s treating doctors routinely noted A.C.G. had a normal gait. For example, Dr. Keever noted on July 26, 2012, that A.C.G. could "go up and down stairs without assistance, heel-to-toe walk, hop on one foot, [and] kick [a] ball forward," but that he was unable to hold and use a pencil at four years and ten months of age. (ECF No. 10, p. 336). At every visit with Dr. Alexander in the years 2013 and 2014, Dr. Alexander's objective physical examinations of A.C.G. showed

normal motor function, reflexes, gait, and coordination. (ECF No. 10, pp. 908, 911, 914, 917, 920, 923, 925). Education records from the 2013-2014 school year indicate A.C.G. was progressing well and do not note any difficulties in A.C.G.'s ability to hold a pencil and write at a level appropriate for his age. (ECF No. 10, pp. 162-65).

Plaintiff alleged limitation with regard to A.C.G.'s ability to care for himself, but the ALJ determined A.C.G. had no limitation in this domain. Dr. Keever noted during his July 26, 2012, examination of A.C.G. that he was able to brush his teeth, dress and undress with supervision, and put toys away at the age of four years and ten months. (ECF No. 10, p. 336). On August 29, 2013, Plaintiff reported to Dr. Alexander that A.C.G. "is able to dress and undress without supervision, perform somersaults, use [a] fork and spoon and use [the] toilet without assistance." (ECF No. 10, p. 910).

Plaintiff alleged limitation with regard to A.C.G.'s health and physical well-being, but the ALJ determined A.C.G. had less than marked limitation in this domain. As discussed above, although it is clear A.C.G. suffers with some degree of limitation, A.C.G.'s chronic impairments have been well managed, and his setbacks from acute impairments have resolved with proper treatment and medication. (ECF No. 10, pp. 674-80, 760-61, 767, 908-09, 913-25).

Based on review of the record as a whole and in consideration of the seven (7) factors from 20 C.F.R. § 416.929(c), substantial evidence supports the ALJ's determination that Plaintiff's subjective complaints were not entirely credible. Aside from A.C.G.'s acute sore throat, cough, earache, and diarrhea during the relevant period, which involved some hospitalization, the record indicates A.C.G.'s daily activities were normal for a child of his age. The record does not contain any evidence the particular location, duration, frequency, and

11

intensity of A.C.G.'s pain or other symptoms, or any precipitating and aggravating factors resulted in any greater limitation than that accounted for by the ALJ. Plaintiff has not claimed any limitation due to the dosage, effectiveness, or side effects of A.C.G.'s medication, and he was not taking any medication for his kidney or heart impairment in the years 2013 or 2014. (ECF No. 10, pp. 913-25). The record indicates that treatment, other than medication, that A.C.G. received for relief of his symptoms was largely successful in alleviating those symptoms. (ECF No. 10, 674-80, 908-09). Plaintiff has not presented, nor does the record contain any additional measures A.C.G. has used to relieve his symptoms, such as a need to nap or eat more often than normal, for example. Nor does the record contain evidence of other factors not considered by the ALJ concerning A.C.G.'s functional limitations or restrictions due to pain or other symptoms. Based on the foregoing, we find substantial evidence in the record as a whole supports the ALJ's determination that Plaintiff's subjective complaints were not entirely credible.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff, on behalf of A.C.G., benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 3rd day of May, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE